## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEREMY H. BATTLE,** | : | No. 3:23cv666 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **SALVATORE MARCHESE,** *et al.* | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### ORDER

On April 21, 2023, Plaintiff Jeremy H. Battle filed this action pursuant to 42 U.S.C. § 1983 against three municipal police officers, Defendants Salvatore Marchese, Linsay Zarick, and Daniel Kapacs.   This matter was assigned to Magistrate Judge William I. Arbuckle for pretrial management and to provide reports and recommendations ("R&Rs") regarding any dispositive motions. Battle filed an amended complaint on August 18, 2023. (Doc. 11).  Generally, the amended complaint alleges that the officers violated his constitutional rights after they responded to a call concerning Battle's overdose and then arrested and prosecuted him for drug crimes. (Doc. 1).

Defendants responded to the amended complaint with a motion to dismiss. (Doc. 27).  Before the court is an R&R from Magistrate Judge Arbuckle recommending that the motion to dismiss be granted with leave provided to the

plaintiff to file a motion to amend. (Doc. 43).  No objections have been filed by either party and the time for such filing has passed.

In deciding whether to adopt an R&R when no timely objections are filed, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b), 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

After review, the court finds neither plain error nor manifest injustice on the face of the record and the R&R will be adopted to the extent that it recommends that the defendants' motion to dismiss be granted.

First, after review of the record, the court agrees that Battle's amended complaint can be liberally construed to maintain nine (9) different claims against the defendants, some of which are clearly time-barred.  As indicated above, Battle filed this action in April 2023.  Many of Battle's Section 1983 claims arise out of events occurring on October 14, 2020, which the magistrate judge discussed comprehensively in the R&R.  Those claims include: 1) excessive force; 2) unreasonable search; 3) false arrest; 4) substantive due process; 5) selective-enforcement equal protection claim; and 6) a municipal liability claim for failure to train. (Doc. 43 at 21-27).  Magistrate Judge Arbuckle also provided a

2

thorough analysis regarding equitable tolling principles regarding these claims. After careful review of the amended complaint and the parties' arguments from their extensive briefing, the court concludes that Battle has pled himself out of court by including allegations in the amended complaint that he knew of his injuries and the causes of his injuries within the limitations period. To the extent that information was allegedly concealed from Battle, he has alleged facts indicating that he could have pursued this action against Doe defendants within the limitations period. (See id. at 27-39). Second, the court agrees that Battle's claims for: 7) malicious prosecution, 8) First Amendment retaliation; and 9) Fourteenth Amendment procedural due process claims are subject to dismissal due to deficiencies in the plaintiff's pleading. (Id. at 39-47). Finally, the court concurs that a discussion of punitive damages allegations are moot because the plaintiff has failed to sufficiently state claims in his amended complaint. (Id. at 48). Thus, the defendants' motion to dismiss plaintiff's amended complaint will be granted.

As for the possibility of non-futile amendment in this civil rights action, the R&R recommends providing Battle with leave to amend. While the motion to dismiss was pending before the magistrate judge, Battle filed a motion to amend his complaint. (Doc. 40). Magistrate Judge Arbuckle dismissed the motion when

the plaintiff failed to file a supporting brief.  Battle also failed to file a proposed amended complaint.

The recommendation that plaintiff be provided a chance to amend is sound. On one hand, Battle has asserted claims that appear to be time-barred.  On the other hand, the court recognizes that the plaintiff is presently incarcerated at State Correctional Institute - Forest and proceeds *pro se*.  His amended complaint attempted to provide facts addressing some of the timeliness issues and the plaintiff's briefing attempted to assert even more facts to counter the defendants' arguments.  It is thus not outside the realm of possibilities that plaintiff may have facts to allege non-futile claims.

Magistrate Judge Arbuckle recommends that Battle be provided with the opportunity to file a motion to amend the complaint.  The court agrees that Battle should be given a final opportunity if the plaintiff believes he can sufficiently assert timely Section 1983 claims against these defendants.  Instead of ordering extra procedural steps, however, Battle will be provided with twenty-one (21) days to file a second amended complaint to correct the issues with his claims as identified by the R&R.  If Battle fails to file a second amended complaint within this timeframe, all of the claims asserted in his first amended complaint will be dismissed with prejudice.

Accordingly, it is hereby **ORDERED** that:

1) The R&R (Doc. 43) is **ADOPTED** to the extent that Magistrate Arbuckle recommends that the defendants' motion to dismiss be granted;

2) Defendants' motion to dismiss plaintiff's amended complaint (Doc. 27) is thus **GRANTED** and plaintiff's Section 1983 claims are **DISMISSED**;

3) To the extent that Magistrate Arbuckle recommends that the plaintiff be permitted to file a motion to amend with a copy of the proposed second amended complaint, this portion of the R&R is not adopted;

4) Rather, plaintiff may file a second amended complaint within twenty-one (21) days of this order; and

5) If plaintiff fails to file an amended complaint within this timeframe, plaintiff's claims will be dismissed with prejudice and the Clerk of Court will be directed to close this case.

Date: 4/4/25

_____
**JUDGE JULIA K. MUNLEY**
**United States District Court**

5