IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEREMY H. BATTLE,<br>  Plaintiff<br><br>v.<br><br>SALVATORE MARCHESE, et al.,<br>  Defendants | No: 3:23cv666<br><br>(Judge Munley)<br><br>(Magistrate Judge Arbuckle) |

## ORDER

Presently before the court is the Report and Recommendation ("R&R") of Magistrate Judge William I. Arbuckle. Magistrate Judge Arbuckle screened Plaintiff Jeremy H. Battle's *pro se* second amended complaint pursuant to 28 U.S.C. § 1915(e)(2). (Doc. 47). The R&R recommends dismissing several claims with prejudice, including claims for retaliation, unreasonable search, false arrest, procedural due process, substantive due process, equal protection, and for municipal liability pursuant to 42 U.S.C. § 1983 ("Section 1983"). Id. at 8–21. On the other hand, the R&R recommends dismissing Battle's Section 1983 malicious prosecution claims without prejudice because it is unclear whether the prosecution has terminated in favor of the plaintiff or if the plaintiff has been successful in getting any conviction invalidated. Id. at 15, 22 & n. 46. Since Battle has been provided with leave to amend on two previous occasions, (see Docs. 10, 44), the R&R recommends dismissal of this action without leave to

amend. Id. No objections to the R&R have been filed and the time for such filing has passed.

In deciding whether to adopt the report and recommendation when no timely objection is filed, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b), 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

After a careful review, the court thus finds neither clear error on the face of the record nor a manifest injustice in the magistrate judge's analysis and recommendations, and therefore, the court shall accept the R&R and adopt it in its entirety.  As for leave to amend, Magistrate Judge Arbuckle concluded that any amendment would be futile at this point.  The court agrees.  Battle has had three chances to plead plausible claims and has not done so.  He will not receive a fourth opportunity. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002)(discussing the rule that *in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile); Jones v. Unknown D.O.C. Bus Driver & Transportation Crew, 944 F.3d 478, 483 (3d Cir.

2019)(holding that it would be futile to provide a *pro se* inmate a third opportunity to amend his complaint). It is thus hereby **ORDERED** as follows:

1) The R&R (Doc. 47) is **ADOPTED** in its entirety;

2) Plaintiff's second amended complaint is **DISMISSED** for failure to state a claim, see 28 U.S.C. § 1915(e)(2)(B)(ii);

3) Plaintiff's Section 1983 claims against the defendants for retaliation, unreasonable search, false arrest, procedural due process, substantive due process, equal protection, and for municipal liability are **DISMISSED** with prejudice;

4) Plaintiff's Section 1983 malicious prosecution claim is **DISMISSED** without prejudice to be reasserted in a new action if or when the plaintiff can make allegations indicating that the criminal proceedings terminated in his favor or that any relevant conviction was invalidated; and

5) The Clerk of Court is directed to close this case.

Date: 6/18/25

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

3